IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON LEROY DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case Number CIV-04-1245-C |
| | ) |
| MIKE ADDISON, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This action for habeas corpus relief brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Valerie K. Couch, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Couch entered a Report and Recommendation on May 24, 2005, to which Petitioner has timely objected. The Court therefore considers the matter de novo.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint and directed Petitioner to show cause why his case should not be dismissed as untimely. Petitioner responded with what can only be very loosely called a response. Nevertheless, Judge Couch directed a response from Respondent. Respondent then filed a Motion to Dismiss arguing Petitioner's case should be dismissed as untimely. After analyzing the relevant dates and any basis for tolling, Judge Couch agreed with Respondent's position and recommended dismissal of Petitioner's case as untimely. Petitioner's objections was untimely. However, the Court docket reflects Petitioner's address changed shortly after the Report and

Recommendation was filed. Accordingly, the Court will grant Petitioner additional time to respond and consider his Response as timely filed.

The facts and relevant law surrounding the timing issue are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. In his objection, Petitioner attempts to argue he is entitled to equitable tolling based on the various times he was in lock-up. However, Petitioner fails to demonstrate error in the Magistrate Judge's reasoning regarding his failure to comply with the time limits of the AEDPA[*], nor does he offer any argument demonstrating equitable tolling should apply. Petitioner has failed to provide any evidence or argument outlining the dates he was in lock-up and anything other than his conclusory statements that he could not pursue this matter while in lock-up. In short, there is no argument of fact or law set forth in the objection which would require a different result than that reached by the Magistrate Judge.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 28th day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge

---

[*] Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).